**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN LIMON, | ) | CASE NO. CV 13-07425 RZ |
|                 Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
|                 Defendant. | ) ) ) | |

        Plaintiff Ruben Limon challenges the Administrative Law Judge's findings about his credibility as a witness, the impact of his obesity and the determination that he did not have a severe impairment relating to his back.

        The Administrative Law Judge found that Plaintiff had the severe impairments of carpal tunnel syndrome and obesity. [AR 23] He also found that, although Plaintiff could not perform his past relevant work, he still retained the capacity to perform other jobs, including the jobs of counter clerk and conveyor belt bakery worker. [AR 24-28] In making this determination, he included the Commissioner's formulaic statement that

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however,

>the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

[AR 26] He then followed with three reasons that presumably were meant to amplify this boiler-plate.

The Commissioner's use of this language does not comport with the rulings of the Ninth Circuit. That Court has ruled that, unless the claimant is malingering, the Administrative Law Judge cannot reject the claimant's testimony as to his subjective symptoms unless he gives clear and convincing reasons for doing so. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). And those reasons are not given in a vacuum, untethered to any evidence; "rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*, citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993), and *Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 584 (9th Cir. 1988). Here, the Administrative Law Judge sought to fulfill the second part of this proposition — identifying what evidence undermines the claimant's complaints — but not the first: he did not identify what testimony was not credible. He only referred in general to "statements concerning the intensity, persistence and limiting effects of these [unspecified] symptoms." He thus violated the rulings of the Ninth Circuit.

Although he did not specify the testimony that was not credible, he did attempt to satisfy the other portion of the requirement, identifying the evidence that he thought undermined those statements, whatever they may have been. Assuming that he had identified the statements that he found not credible, the Court's task would be to assess those reasons and determine if they are "clear and convincing," a standard that "is the most demanding in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014), quoting *Moore v. Commissioner of Social Security Administration*, 278 F.3d 920, 924 (9th Cir. 2002).

The first reason he gave was that Plaintiff's testimony as to his activities of daily living were inconsistent.

One supposed inconsistency was that Plaintiff stated that he performed few if any chores, but he also said that he lived alone and did not report any particular help in maintaining the residence. The Administrative Law Judge thought it was inconsistent to live alone and in his own apartment and not perform any chores. [AR 26] But Plaintiff did not live alone; he lived in his sister's house, in a separate area in the back, and the sister and her girl friend did the cooking and like tasks. [AR 38-39, 65]

The Administrative Law Judge also noted that Plaintiff had testified that he could button his own shirt, eat independently, and bathe himself, and that "[t]hese activities would require some use of the claimant's hands, particularly his right dominate [sic] hand." [AR 26] It is not clear to the Court how these statements are thought to be inconsistent; perhaps it is because the Administrative Law Judge earlier had referenced a statement by Plaintiff that he was unable to use his hand to pick up anything. [*Id.*, citing Exhibit 4E, page 2] If so, this would be a clear mis-reading of the evidence. In the cited exhibit, Plaintiff said "I can't lift nothing because my right hand just had surgery." [AR 179] That exhibit was dated August 28, 2011, but the testimony that he could button his shirt came almost a year later, on June 25, 2012, not just after he had had surgery. [AR 62] That is not an inconsistency.

Last, the Administrative Law Judge wrote that Plaintiff said he could lift no more than three pounds, but then testified that he could lift a gallon of milk, which is eight pounds. [AR 26] Here too the Administrative Law Judge has not stated the evidence fairly. At the hearing, the Administrative Law Judge first asked Plaintiff how much weight he could lift, and Plaintiff responded "One to two pounds, three pounds at the most I would say. I haven't lifted three pounds." [AR 59] Then, the Administrative Law Judge asked Plaintiff if he could lift a gallon of milk, to which Plaintiff responded "Yes, I can." [*Id.*] In a "gotcha" moment, the Administrative Law Judge then said "Well, that's about eight pounds." [*Id.*] Plaintiff went on to explain that he could lift a gallon with his left hand, but

not his right. It is clear from the context of the questions and answers that these were all estimates; indeed, the weight of a gallon itself obviously was an estimate, as nobody testified to its weight. One could not fairly call this an inconsistency that would impeach Plaintiff's credibility; certainly, one could not do so under the clear and convincing standard.

The second reason the Administrative Law Judge gave for disbelieving Plaintiff was that Plaintiff's motives for seeking disability benefits were questionable. This was so, the Administrative Law Judge concluded, because Plaintiff's alleged onset date appeared to coincide closely with the termination of the unemployment benefits he received following the loss of his job. [AR 26] Factually, this is incorrect. Plaintiff stopped receiving unemployment benefits approximately a year before his claimed date of onset, and approximately two years before he applied for Social Security disability. [AR 48, 136, 21] This reason, too, does not satisfy the clear and convincing standard.

The third and final reason the Administrative Law Judge gave was that Plaintiff's treatment was essentially routine and conservative in nature. [AR 27] He seemed to acknowledge, however, that surgery on Plaintiff's hands was not routine, but put it to one side because it was successful. [*Id.*] So the "essentially routine and conservative" treatment addressed Plaintiff's back and shoulder impairments. This may be a valid consideration for assessing whether Plaintiff had a severe impairment to his back and shoulders, and it might impeach Plaintiff insofar as the testimony the Administrative Law Judge was addressing had to do with complaints about Plaintiff's back and shoulders — as noted, the Administrative Law Judge did not specify the testimony that he thought was not credible — but the Court does not find it a clear and convincing reason for impeaching Plaintiff's complaints about his hands, the area in which the Administrative Law Judge found Plaintiff to have severe impairments.

In short, the Administrative Law Judge did not comport with Ninth Circuit law about subjective symptoms in two ways. He did not identify the testimony about such symptoms that he found not to be credible. And he did not offer clear and convincing

reasons for disbelieving any testimony, even had he specified the testimony about the symptoms that he found not to be credible.

Other than challenging the Administrative Law Judge's credibility determinations, Plaintiff makes two other arguments here. First, he asserts that the Administrative Law Judge did not address his obesity. The Court agrees. The Administrative Law Judge stated that Plaintiff's obesity was a severe impairment [AR 23] and stated that he had applied an internal Social Security Ruling disclosing that the Administration will make an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe, and that the Administrative Law Judge had done so here. [AR 26] But the decision contains no other discussion of the impact of Plaintiff's obesity. On remand, the Administrative Law Judge must evaluate and decide the impact of this severe impairment.

Finally, Plaintiff asserts that the Administrative Law Judge erred in failing to consider Plaintiff's lumbar spine impairment as severe. Severity is, as Plaintiff says, a *de minimis* screening device, *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), but whether a person has a severe impairment is a question of functionability. 20 C.F.R. §§ 404.1521, 416.921. Since the matter must be remanded, the Commissioner may wish to evaluate further Plaintiff's assertions about his lumbar spine.

The decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.


DATED: October 10, 2014


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE